DOHRMANN COMMERCIAL CO. ET AL. *v.* UNITED STATES

No. 7174.—Invoices dated Stoke on Trent, England, September 1944, etc.
    Certified September 1944, etc.
    Entered at San Francisco, Calif., November 3, 1944, etc.
    Entry Nos. 815; 3383.

(Decided April 11, 1947)

*Lawrence, Tuttle & Harper* (*George R. Tuttle* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

OLIVER, Presiding Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:
    (Stipulation omitted.)
    On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.
    Judgment will be rendered accordingly.

HUDSON SHIPPING CO., INC., *v.* UNITED STATES

No. 7175.—Invoice dated Manchester, England, May 5, 1941.
    Certified May 5, 1941.
    Entered at New York, N. Y., June 3, 1941.
    Entry No. 359205.

(Decided April 11, 1947)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

CLINE, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:
    (Stipulation omitted.)
    On the agreed facts I find the export value as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.
    Judgment will be rendered accordingly.